IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 13-cv-01746-LTB-BNB

HOWARD PHILLIPS,

    Plaintiff,
v.

LINCARE INC.,
MARK A. MILLER,

    Defendants.
_____

ORDER
_____

    This matter is before me on a Motion to Remand for Lack of Subject Matter Jurisdiction filed by Plaintiff, Howard Phillips, requesting that this case be remanded back to the state court for lack of federal jurisdiction pursuant to 28 U.S.C. §1447(c). [**Doc #20**]  Defendants Lincare Inc. and Mark A. Miller oppose this request.  Oral argument would not materially assist me in the determination of this motion.  After consideration of the parties' arguments, and for the reason stated, I GRANT the motion and, as a result, I REMAND the case to the state court.

**I. BACKGROUND**

    Plaintiff initially filed his complaint – in which he raised claims of negligence resulting in personal injury related to an automobile collision – in Clear Creek County District Court, Fifth Judicial District in the State of Colorado, on June 3, 2013, as Case No. 2013CV30010. [Doc #1-6]  The matter was subsequently removed to this court via a Notice of Removal based on diversity of citizenship jurisdiction, filed by Defendant Lincare on July 3, 2013. [Doc #1]  In the motion at issue, Plaintiff asserts that this court lacks subject matter jurisdiction and, as such, asks

that this matter be remanded back to the state court because diversity jurisdiction is not present in that the amount-in-controversy is well below the $75,000 jurisdictional limit.

## II. LAW

As relevant here, federal subject matter jurisdiction – pursuant to diversity of citizenship as set forth in 28 U.S.C. §1332(a) – provides that federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and where there is complete diversity of citizenship between the parties. Plaintiff does not contest diversity of citizenship; rather, at issue is whether this lawsuit meets the $75,000 amount-in-controversy jurisdictional threshold under section 1332(a).

28 U.S.C. §1447(c) provides that any time before final judgment, a case shall be remanded if it appears that the district court lacks subject matter jurisdiction.  This is because if, at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).  Where a case has been removed from state court and a court determines at any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. §1447(c) mandates that the case be remanded back to state court. *Nichols v. Golden Rule Ins. Co.*, 2010WL1769742 (unpublished)(D.Colo. 2010)(*citing McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008)).

Section §1446(c)(2) was recently amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, § 103(a), Pub. L. No. 112-63 (H.R. 394), 125 Stat. 758 (2011) (the "JVCA") , which became effective on January 6, 2012, and now provides that:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that –
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
>> (I) nonmonetary relief; or
>> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2). Under this section, if a lesser or indeterminate amount-in-controversy is alleged in the state court complaint, the removing defendant is not bound by that amount and may seek to demonstrate that a higher amount actually is in controversy in the notice of removal. *See* 14AA C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3702.1 (4th ed. 2011). The amount-in-controversy is not "the amount the plaintiff will recover, but rather an estimate of the amount that will be put at issue in the course of the litigation." *Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242, 1245 (10th Cir. 2012)(*quoting McPhail v. Deere, supra*, 529 F.3d at 956).

"The burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting the assertion that the amount in controversy exceeds the jurisdictional minimum." *Frederick v. Hartford, supra,* 683 F.3d at 1245 (*quoting Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995)). A defendant seeking to remove under the general diversity jurisdiction statute – when the plaintiff requests undefined damages or damages below the jurisdictional minimum – must "prove . . . jurisdictional facts by a preponderance of

3

the evidence" to remain in federal court. *Frederick v. Hartford, supra*, 683 F.3d at 1246 (discussing the amount-in-controversy requirement in relation to the Class Action Fairness Act ("CAFA"); *see also McPhail v. Deere, supra,* 529 F.3d at 954 (indicating that "[t]he 'preponderance of the evidence' standard applies to jurisdictional facts, not jurisdiction itself."). The JVCA appears to codify the holding of *McPhail v. Deere* by adopting the preponderance of the evidence standard. *See Frederick v. Hartford, supra*, 683 F.3d at 1247; *see also Dart Cherokee Basin Operating Co., LLC v. Owens,* 730 F.3d 1234, 1238 (10trh Cir. 2013)("[a]s is apparent from the statutory language [in 28 U.S.C. § 1446(c)(2)], Congress adopted the same preponderance-of-the-evidence standard endorsed in our *McPhail* opinion").

### III. ANALYSIS

In this case, Plaintiff does not demand a sum or specify an amount of damages sought, and I am unable to discern that the amount-in-controversy exceeds $75,000 from the factual allegations in the complaint. In Defendants' Notice of Removal they claim that the amount-in-controversy in this case exceeds $75,000. [Doc #1] In so doing, they provide an estimate of the potential damages for the allegations in Plaintiff's complaint and assert that it presents a combination of facts and theories of recovery that may support a claim in excess of $75,000. Specifically, they note that the complaint indicates that Plaintiff is claiming a myriad of injuries, including aggravation for preexisting injuries, permanent impairment, and permanent disfigurement. Moreover, they assert that Plaintiff asks for both economic damages and non-economic damages for pain and suffering and emotional distress. As such, the Notice of Removal avers that the allegations of the complaint – in combination with the Plaintiff's Civil Cover Sheet filed in state court indicating that Plaintiff requested a monetary judgment over

$100,000 – "indicates that Plaintiff seeks purported damages in excess of $75,000." [Doc #4]

As an initial matter, I reject Defendants' contention that Plaintiff's checking a box on the state Civil Cover Sheet, indicating that they were requesting judgment over $100,000 provides evidence of the amount-in-controversy. The Civil Cover Sheet is a form which requires a party to check boxes in order to identify cases in which a "Simplified Procedure" is applicable under Colo.R.Civ.Pro. 16.1. As such, the form provides a choice indicating either that a Simplified Procedure "applies" – because the pleading party "does not seek a monetary judgment in excess of $100,000" – or "does not apply" – because, among other things, the pleading party "is seeking a monetary judgment for more than $100,000." I follow the rulings in numerous cases that have declined to construe the checking of a box on a civil cover sheet as a factual representation or admission that the actual amount-in-controversy in a case is in excess of $75,000, because it does not contain certification by counsel and such election is too imprecise to make the requisite demonstration of the amount-in-controversy. *Baker v. Sears Holdings Corp.,* 557 F.Supp.2d 1208, 1215 (D.Colo. 2007); *Comonwealth Ins. Co. v. Ward Mfg., Inc.*, 2010 WL 1644716 (D. Colo. 2010)(unpublished)(ruling that state court civil cover sheet alone was insufficient to prove jurisdiction); *Jones v. Camelot Acquisition, LLC*, 2009 WL 1187263 (D. Colo. 2009) (unpublished)(listing cases in which this district has supported the *Baker v. Sears, supra,* proposition).

Defendants otherwise argue, in their response to the motion seeking remand, that a "textual analysis of the complaint" – which involves personal injuries from an automobile accident resulting in permanent impairment and disfigurement against two defendants, asserts four theories of recovery, and seeks both economic and non-economic damages – alone provides

5

evidence of an estimate of potential damages that exceeds $75,000 in order to establish the amount-in-controversy.  *See McPhail v. Deere, supra*, 529 F.3d at 955 (ruling that because "a plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount," a defendant may rely on an estimate of the potential damages from allegations in the complaint in order to "present a combination of facts and theories of recovery that may support a claim in excess of $75,000.00").

In his complaint, Plaintiff claims personal injuries that resulted in aggravation of preexisting injuries, and permanent impairment and disfigurement.  He seeks both economic damages (for past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, past and future loss of earnings, loss of earning capacity, loss of time, and other economic damages) and non-economic damages (in the form of loss of enjoyment of life, pain and suffering, inconvenience, and emotional distress).  The exact nature and extent of the injuries received, as well as the magnitude of the non-economic damages, are vague and clearly insufficient to make a reasonable estimate of the potential damage at issue in the course of this case.  Thus, I conclude the amount-in-controversy cannot be determined solely based on the claims and relief sought in the complaint.

Defendants may, however, establish jurisdictional facts by relying on evidence outside of the complaint to meet their burden to establish that the amount-in-controversy in this case exceeds $75,000.  In *McPhail v. Deere Co.*, *supra,* the Tenth Circuit outlined several methods that a removing defendant may use to satisfy its burden of proving jurisdictional facts by a preponderance of evidence when the amount is not provided for by the complaint.  *Id.* at 954.  Specifically, such evidence may be provided "by contentions, interrogatories or admissions in

state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Id.* (*quoting Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-442 (7th Cir. 2006)). As such, in addition to relying on an estimate of potential damages from the allegations in the complaint itself, "other documentation can provide the basis for determining the amount in controversy – either . . . before removal was filed, or affidavits or other evidence submitted in federal court afterward." *Id.* at 956.

Defendants assert that following removal to this court, counsel for Plaintiff admitted that he made a "scrivener's error" in that he actually intended to name Plaintiff's wife – Mary Ann Phillips – as the lead plaintiff in this case because she, in fact, sustained the more severe injuries from the car accident at issue. Plaintiff's counsel indicated that he would be joining her as a named plaintiff in this action and has, after completion of the briefing of this motion, filed a Motion to Add Party Mary Ann Phillips. [Doc #32]  As such, Defendants contend that Plaintiff's challenge to subject matter jurisdiction here is raised for strategic purposes and is, in fact, disingenuous. Specifically, they argue that Plaintiff failed to challenge or raise the issue of subject matter jurisdiction until after he realized that he had neglected to name Mrs. Phillips as a plaintiff in this case. Defendants refer me to the transcript of a scheduling hearing in which Plaintiff's counsel's position was that Plaintiff's damages claim is clearly below the jurisdictional amount and, further, that Mrs. Phillips' damages "don't *clearly* exceed $75,000." (emphasis added). However, counsel did concede that there is "potential that her non-economic [damages] may in fact exceed $75,000, but there's no guarantee . . . ". [Doc #30]  Moreover,

Defendants provide the settlement demand for Mrs. Phillip's injuries which contain no specific monetary demand, but assert a wide variety of injuries including a significant on-going brain injury. [Docs #26-4 & 26-5]

In addressing Defendants' assertion that Plaintiff's argument here is disingenuous, I first note that to the extent Defendants argue that Plaintiff's refusal to stipulate to the amount-in-controversy should weigh against him – *citing Thommen Medical USA, LLC v. Tanner*, 2013 WL 4806954 (D.Colo. 2013) which considered the Plaintiff's refusal to stipulate that it was not seeking damages in excess of 75,000 dollars evidence supporting its conclusion that his claim for damages could exceed the jurisdictional amount – Plaintiff's is position that his damages alone do not amount to $75,000, but that if Mrs. Phillips is added to this case as a party "then Plaintiff agrees this case should not be remanded at this time." [Doc #32, pg. 2] Furthermore, while Plaintiff's challenge to subject matter jurisdiction might be strategic, I find that it is not done in bad faith. More importantly, the underlying rationale for his challenge to jurisdiction at issue here does not effect my analysis. Rather, because the only named Plaintiff in this case has claimed that his economic damages are only approximately $527.00 – as evidenced by his settlement demand letter to Defendants and is an amount unchallenged by Defendants [Doc #26-6] – and avers that his non-economic damages are minimal and fall well below $75,000, I conclude that federal subject matter jurisdiction based on diversity jurisdiction is, at this point, lacking based on Defendants' failure to prove jurisdictional facts that support a conclusion that the amount-in-controversy may meet the $75,000 threshold. While Defendants argue that the amount is met when looking at the damages sought by both Plaintiff and Mrs. Phillips – as a possible new plaintiff in this case – they have not referred me to any legal authority that would

allow me to consider the potential damages of an unnamed party when assessing the amount-in-controversy.

ACCORDINGLY, I GRANT Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction [**Doc #20**] and, as a result, this case is REMANDED to the Clear Creek County District Court, Fifth Judicial District in the State of Colorado (where is was originally filed as Case No. 2013CV30010).

Dated: December   19  , 2013 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE